# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ABEL RODRIGUEZ,

    Plaintiff,

v.                                 No. CIV 01-0131 WJ/KBM-ACE

CITY OF CARLSBAD, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court pursuant to Defendants' Motion for Summary Judgment [Docket No. 26]. Having reviewed the submissions of the parties, the Court finds that the Motion shall be granted in part and denied in part for the reasons that follow.

**FACTUAL SUMMARY**

Plaintiff Abel Rodriguez was an employee of the City of Carlsbad for twenty-seven years. Prior to the end of Plaintiff's employment, he held the position of Street Superintendent. Plaintiff had never been reprimanded or received any type of employee discipline before the events that led to the end of his employment.

For reasons that are not fully explained in the parties' briefs, the City of Carlsbad began an investigation into an unauthorized use of a city gasoline credit card. The investigation initially revealed that an employee in Plaintiff's department had used a city credit card to put gasoline in her private vehicle. Plaintiff initially denied any knowledge of his employee's personal use of the

city credit card. Later, however, Plaintiff admitted to giving the employee the credit card and Plaintiff's PIN number for the card with the knowledge that the employee was intending to use the card for her personal vehicle.

Plaintiff's Department Head, Luis Camero recommended that Plaintiff be terminated for this incident. Plaintiff was sent a notice dated August 8, 2000 that discharge had been imposed as a disciplinary action, and that a predetermination hearing would be held on August 14, 2000 prior to the discharge. On August 14, 2000, the predetermination hearing was held before the City Administrator, Jon Tully. After the hearing, Mr. Tully advised Plaintiff that he intended to uphold Camero's recommendation for Plaintiff's discharge. Additionally, a Determination form dated August 14, 2000 indicated that discharge was recommended and imposed.

Plaintiff asserts, and it will be assumed for purposes of this motion, that the City of Carlsbad Personnel Policy Manual (manual) creates an employment contract between Plaintiff and the City of Carlsbad. The manual provides that employees will be disciplined in a progressive manner. The manual also provides, however, that any and all steps of progressive discipline may be waived based upon the severity of the infraction. Ultimately, the manual states that disciplinary action will be administered in a fair and equitable manner. Several other employees of the City of Carlsbad committed infractions that were, according to Plaintiff, much more severe than Plaintiff's, and these employees were not discharged.

As a supervisor, Plaintiff had in his possession a copy of the manual. The manual provides that "[a]ny person discharged upon the recommendation of the City Administrator will, upon

2

request, be given the opportunity to appear before the governing body in either open or closed session to appeal the decision of the City Administrator." Plaintiff claims, and for the purposes of this motion it is assumed, that he had not read and understood this as giving him a right to appeal his discharge.[1]

On August 15, 2000, Plaintiff submitted his resignation effective the previous day, August 14, 2000. Plaintiff's reason for submitting his resignation was his belief that it would look better to potential future employers.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing an absence of a genuine issue of material fact falls upon the moving party. See Adler v Wal-Mart Store, Inc., 144 F.3d 664, 670 (10th Cir. 1998). However, when the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by pointing out to the Court that there is an absence of evidence to support the nonmoving party's case. Lujan v. National Wildlife Federation, 497 U.S. 871 (1990); Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Adler, 144 F.3d at 671.

---

[1] Plaintiff's Complaint does not allege, and his response does not argue, that Plaintiff was denied due process based on inadequate notice. However, Plaintiff does argue in his response that, because he had no knowledge of his right to appeal, he did not knowingly waive that right.

Once the movant has met its Rule 56 burden, the burden then shifts to the non-moving party to establish the existence of a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The nonmoving party must then go beyond the pleadings to set forth specific facts showing that there is a genuine issue of material fact for trial sufficient to support a verdict for the nonmovant. Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All reasonable factual inferences must be drawn in favor of the nonmoving party. Seamons v Snow, 206 F.3d 1021, 1026 (10th Cir. 2000); Curtis v Oklahoma City Public Sch. Bd. of Ed., 147 F.3d 1200, 1214 (10th Cir. 1998). However, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case. Bausman v Interstate Brands Corp., 252 F.3d 1111 (10th cir. 2001). The nonmoving party must present enough evidence to allow a reasonable jury to find for the nonmoving party, and cannot rest upon mere allegations or denials of the pleadings. Orback v. Hewlett-Packard Co., 97 F.3d 429, 432 (10th Cir. 1996) (citing Wilson v. Meeks, 52 F.3d 1547, 1551-52 (10th Cir. 1995).

**DISCUSSION**

I. PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS

Plaintiff's Memorandum Brief in Opposition to the Defendants [sic] Motion for Summary Judgment states that the Plaintiff has determined to voluntarily dismiss the individual Defendants Jon R. Tully, Scott Bendixsen and Luis Camero. Defendants' Reply brief indicates that Defendants do not oppose the dismissal of the individual Defendants. The Court will therefore

order the dismissal of these defendants from the case with prejudice and will not address the arguments made regarding the claims against these Defendants.

II.	PLAINTIFF'S DUE PROCESS CLAIM

Plaintiff's Complaint alleges that Plaintiff had a property interest in his continued employment with the City of Carlsbad, that he could not be terminated from his employment without both a predeprivation and postdeprivation hearing, and that he was terminated from his employment without a postdeprivation hearing. Plaintiff's Complaint also alleges that the City of Carlsbad Personnel Policy Manual (manual) did not provide for a postdeprivation hearing.

Plaintiff now acknowledges that the manual does provide for a postdeprivation hearing, but argues that the hearing, if there had been one, would have violated due process because the mayor, who had knowledge and approved Plaintiff's discharge, is a member of the decisionmaking body that would have conducted Plaintiff's postdeprivation hearing. Thus, the mayor would presumably have participated in a hearing to determine the correctness of a decision in which the mayor participated, and the decisionmaking process would have been tainted by the mayor's bias.

Plaintiff also argues that the manual does not sufficiently spell out the procedures that would have been followed if there had been a hearing. Plaintiff states that the procedures that would have been afforded cannot be found to be adequate; there is no way to review the procedures because they are not sufficiently clear and may be different for each hearing. Thus, according to Plaintiff, the Court must find that the procedure that would have been afforded would have been inadequate.

Plaintiff argues that he did not waive his right to a postdeprivation hearing when he resigned his employment because he was unaware of his rights so could not knowingly waive them.

Finally, Plaintiff asserts that the issue whether he waived his right to a postdeprivation hearing is not at issue because he is not required to exhaust his administrative remedies before bringing his Section 1983 claim for a denial of due process. Plaintiff states that he was under no obligation to pursue the available postdeprivation hearing before bringing a lawsuit alleging a denial of adequate process.

The parties agree that Plaintiff had a protected property interest in his employment with the City of Carlsbad. Plaintiff cannot be deprived of his property interest without due process. U.S. Const. amend XIV; Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-39 (1985); Parker v. Bd. of Regents of Tulsa Junior College, 981 F.2d 1159 (10th Cir. 1992).

Plaintiff's arguments that the procedures he would have been afforded if he had utilized the postdeprivation process available would have been biased and inadequate are without merit. This Court cannot speculate regarding what the procedures would have been in Plaintiff's case or whether the mayor would have participated or would have recused himself. A procedural due process claim such as Plaintiff's tests the adequacy of process actually provided. Here, Plaintiff did not afford himself of the available process. Thus, this Court is unable to review the procedures to determine whether or not they would have been adequate.

Plaintiff's arguments that he did not waive his right to a postdeprivation hearing are also without merit. There is no issue of waiver of a constitutional right in this case. Plaintiff attempts to frame his situation as an involuntary waiver of a constitutional right by comparing the facts of his case to those in Pitts v. Bd. of Educ. of U.S.D. 305, Salina, Kansas, 869 F.2d 555 (10th Cir. 1989). In Pitts, a tenured teacher was notified that his contract was not going to be renewed. The teacher requested a pretermination hearing. A hearing was scheduled, but while this was pending, the teacher filed his federal lawsuit alleging a deprivation of due process. He then notified his employer that he was waiving his right to the pretermination hearing. The Tenth Circuit found that the teacher in Pitts had knowingly waived his constitutional right to a hearing and had no right to challenge the adequacy of the process he was afforded.

In this case, the issue is not whether Plaintiff waived his right to a hearing, but whether Plaintiff had any right to a hearing. Plaintiff here resigned his employment. This case is more similar to the facts of Parker. In Parker, a college employee was offered a choice between resigning and going through termination proceedings. The employee chose to resign then filed a federal lawsuit alleging that she was deprived of her property interest in her employment without due process. The Tenth Circuit noted that, if the employee had been constructively discharged, then she was deprived of her property interest without due process. The court found that the employee had voluntarily resigned her employment; thus, there was no deprivation of a property interest, and the employee was not entitled to a hearing.

7

While Plaintiff argues that he did not voluntarily resign, he also argues that he was not constructively discharged. He states, instead, that he was actually and in fact discharged. There is, in the record, a form signed by Plaintiff indicating he resigned his employment. Plaintiff admits he asked for the resignation form and turned it in because he believed it would look better to potential future employers. Plaintiff's argument seems to be that he was discharged prior to his resignation, and, therefore, his resignation was of no effect for purposes of this lawsuit.[2] His resignation, however, is of monumental effect with regard to his claim that he was deprived of his property interest without an adequate postdeprivation hearing.[3] His resignation immediately following his predeprivation hearing deprived the City of Carlsbad of any opportunity to provide Plaintiff with due process. See Pitts, 869 F.2d at 557. Thus, if Plaintiff's resignation was voluntary, he was not deprived of a property interest and was not entitled to a postdeprivation hearing.

Although Plaintiff plainly and specifically denies that he was constructively discharged, the Court will analyze whether Plaintiff's resignation was voluntary. To determine whether a Plaintiff voluntarily resigned or was constructively discharged, the Court must consider the totality of the circumstances under an objective standard. Yearous v. Niobrara County Mem'l Hosp., 128 F.3d

---

[2]This reminds me of classic comedy routines in which an employer and employee go back and forth with an employer firing the employee and the employee retorting that he can't be fired because he quits. Here, however, the employee quit to avoid the appearance of being fired, but now argues that he could not have quit because he had already been fired.

[3]The Court notes that the effect of Plaintiff's resignation on his breach of contract claim is yet to be discussed.

1351, 1356 (10th Cir. 1997). The factors the Court would normally consider include 1) whether the employee was given some alternative to resignation; 2) whether the employee understood the nature of the choice he was given; 3) whether the employee was given a reasonable time in which to choose; and 4) whether he was permitted to select the effective date of resignation. Id. These factors, however, presume that the employer made some suggestion to the employee that he resign or made some offer to the employee that included a choice to resign. Here, Plaintiff admits that he came up with the idea of resigning, that he approached the personnel office and initiated an inquiry about resigning, that he requested a resignation form, and that he turned in this form. There is no evidence that the City of Carlsbad suggested that Plaintiff resign.

Considering the totality of the circumstances, there can be no factual dispute that Plaintiff voluntarily resigned his employment with the City of Carlsbad. The resignation was solely his choice based on his personal preference and belief regarding the appearance to potential future employers. Therefore, he was not deprived of his property interest in employment and had no right to a postdeprivation hearing.

Plaintiff's argument that he was not required to avail himself of the available postdeprivation hearing prior to bringing his claim for denial of due process is also without merit. The Plaintiff in Pitts made the same argument. The Tenth Circuit explained that a claim for denial of due process rests on a failure of a defendant to afford a plaintiff adequate process, and that the failure of a plaintiff to permit a defendant to provide any due process eliminates the claim. Pitts,

9

869 F.2d at 557. Accordingly, Defendants are entitled to summary judgment on Plaintiff's Section 1983 claim for violation of his Fourteenth Amendment right to due process.

III     PLAINTIFF'S CLAIM FOR BREACH OF EMPLOYMENT CONTRACT

Plaintiff's Complaint alleges that the City of Carlsbad breached his employment contract when Plaintiff's employment was terminated. He argues that he had a right to progressive discipline, that Defendants did not have just cause to fire him, and that he was not treated fairly and equitably. Defendants do not dispute in their motion for summary judgment that the manual created an employment contract between the City and Plaintiff. Instead, Defendants argue that Plaintiff was not terminated but voluntarily resigned, that Defendants had just cause to fire Plaintiff, and that Plaintiff had no contractual right to progressive discipline.

While the Court stated above, with regard to Plaintiff's due process claim, that Plaintiff's resignation was determinative of his due process claim, this is not the case with regard to his breach of contract claim. If Plaintiff was fully and effectively discharged prior to his resignation, then the resignation would not necessarily negate or excuse any breach of contract that may have occurred with regard to his discharge. Whether Plaintiff was fully and effectively discharged prior to his resignation is an issue of fact. Additionally, there are disputed issues of material fact with regard to whether Defendants treated Plaintiff fairly and equitably and, if not, whether this

breached the employment contract.[4]  Because there are disputed issues of material fact with regard to this claim, summary judgment on the claim is not appropriate and will be denied.

**CONCLUSION**

IT IS THEREFORE ORDERED that all Plaintiff's claims against John R. Tully, Scot Bendixsen, and Luis Camero in their individual and official capacities are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Docket No. 26] is GRANTED IN PART with regard to Count I of Plaintiff's Complaint.

IT IS FINALLY ORDERED that Defendant's Motion for Summary Judgment [Docket No. 26] is DENIED IN PART with regard to Count II of Plaintiff's Complaint.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Defendants argue, in their reply brief, that the Court should not consider Plaintiff's evidence submitted on the issue of the fairness and equity of Defendants' treatment of Plaintiff. Plaintiff did not have an opportunity to respond to this because it was raised in Defendants' Reply.  Defendants did not file a separate Motion to Strike to which Plaintiff could have responded.  In any event, the Court believes there are several arguments for the admissibility of the contents, if not the form, of Plaintiff's evidence.  Therefore, the Court did consider this evidence in deciding that there are issues of fact that preclude summary judgment.